## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IVY GROSHONG-GALLIHER, §
Individually and as Representative of §
THE ESTATE OF JACOB §
GALLIHER §
and as Next Friend of §
MALCOM GROSHONG-GALLIHER §     **Case No: 4:24-CV-01169-O**
and as Next Friend of §
KILLIAN GROSHONG-GALLIHER, §
and acting for the benefit of §
herself and all beneficiaries of Jacob §
Galliher, §
§
　　　　　Plaintiffs, §
§
　　v. §
§
BELL TEXTRON, INC., THE §
BOEING COMPANY, and §
UNIVERSAL STAINLESS & §
ALLOY PRODUCTS, INC., §

　　　　　Defendants.

## DEFENDANT BELL TEXTRON INC.'S ANSWER TO COMPLAINT

　　　　Defendant Bell Textron Inc. ("Bell") answers Plaintiffs' Complaint (ECF No. 1) as follows.

Bell denies each and every allegation in the Complaint, except as hereinafter specifically admitted,

qualified, or otherwise answered.

## PARTIES

　　　　1.　　　　Bell admits that Staff Sergeant Jacob Galliher died on November 29, 2023, off the

coast of Japan while aboard a CV-22B Osprey aircraft owned and operated by the United States

Air Force.  Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2.      Bell admits that Plaintiff Ivy Groshong-Galliher is a natural person and purports to bring this lawsuit in her own capacity and on her own behalf and as a representative of the children and parents of Jacob Galliher.  Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3.      Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.      Bell admits that it is a Delaware corporation with a principal place of business located at 3255 Bell Flight Blvd., Fort Worth, Texas 76118.  Bell further admits that, in conformity with reasonably precise specifications reviewed and approved by the United States, some of the components of the CV-22B at issue in this matter ("Subject Aircraft") were jointly produced and manufactured at Bell's Fort Worth facility by Bell and the Boeing Company ("Boeing") and that the Subject Aircraft's final assembly occurred at Bell's Amarillo, Texas facility.  Further, Bell admits that Jacob Galliher died while aboard the Subject Aircraft, which was owned and operated by the United States Air Force.

6.      Bell admits that the Subject Aircraft was jointly produced and manufactured by Bell and Boeing and assembled at Bell's Amarillo, Texas facility.  Bell further admits that Bell and Boeing employees provide oversight at different stages of the manufacturing and assembly process.  Bell further admits that Jacob Galliher died while aboard the Subject Aircraft, which was

owned and operated by the United States Air Force.  Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7.      Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7.  Bell denies the remaining allegations in Paragraph 7.

8.      Bell denies the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 contain legal conclusions to which no response from Bell is required.   To the extent a response is required, Bell answers that Plaintiffs have misidentified "Bell Textron Inc." as "Bell Textron, Inc." and otherwise denies the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10.      Bell admits that this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(2).  Bell denies that Plaintiffs are entitled to any relief whatsoever from Bell.

11.      Bell admits that it was incorporated in the state of the Delaware, has its principal place of business in Fort Worth, Texas, and is a citizen of both Delaware and Texas.  Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12.      Bell admits that federal diversity jurisdiction exists in this matter under 28 U.S.C. § 1332(a)(2).  Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13.      Bell admits that this court has personal jurisdiction over Bell.  Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14.     Bell admits that venue is proper in the Northern District of Texas, Fort Worth Division.

## FACTUAL BACKGROUND

### *The Origins of the Bell Boeing V-22 Osprey*

15.     Bell admits the allegations in Paragraph 15, except it expressly denies that Bell or Boeing, rather than the United States military, controls the ultimate design of the V-22 Osprey aircraft.

16.     Bell admits that, in conformity with reasonably precise specifications reviewed and approved by the United States, Boeing manufactures and integrates components of the V-22 fuselage, cockpit, avionics, and flight-control systems, while other components of the fuselage, cockpit, avionics, and flight-control systems are manufactured by others.

17.     Bell admits that, in conformity with reasonably precise specifications reviewed and approved by the United States, Bell manufactures and integrates components of the V-22 wing, transmissions, and rotor systems, while the empennage and other components of the wing, transmissions, and rotor systems are manufactured by others.  Further, Bell admits it integrates the V-22's Rolls Royce engines.

18.     Bell admits that final assembly of all V-22 aircraft, including the Subject Aircraft, takes place at Bell's Amarillo Assembly Center located in the Northern District of Texas.  Other parts, components, and systems of the V-22 aircraft are assembled elsewhere prior to final assembly.

19.     Bell admits only that certain Bell and Boeing employees assigned to the V-22 Osprey program are located in the Northern District of Texas.  Bell otherwise denies the allegations in Paragraph 19.

20.    Bell admits the allegations in Paragraph 20.

21.    Bell admits that the planetary assembly in the V-22 Osprey's proprotor gearbox contains five high-speed pinions and six low-speed pinions which are made from X-53 material. Bell admits that that *Universal* Stainless – incorrectly named "United Stainless" throughout the Complaint[1] – is one of the multiple vendors that supply X-53 to Bell. Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies them.

22.    Bell admits that Universal Stainless supplied certain X-53 material that was used in creating pinion gears on the Subject Aircraft. Bell denies the remaining allegations in Paragraph 22.

23.    Bell denies the allegations in Paragraph 23.

24.    Bell denies the allegations in Paragraph 24.

25.    Bell denies the allegations in Paragraph 25.

26.    Because the allegations in Paragraph 26 are vague and ambiguous, Bell can only assert that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.    Bell denies the allegations in Paragraph 27.

28.    Bell admits that Bell and Boeing provided a risk assessment to the United States military in 2014 but denies the Complaint's characterizations of that assessment. Bell denies the remaining allegations in Paragraph 28.

---

[1] For purposes of this Answer, Bell will treat the Complaint's references to "United Stainless" as referring to "Universal Stainless." For avoidance of doubt, Bell expressly denies that any entity named "United Stainless" has supplied X-53 to Bell or is any way involved in the manufacture or assembly of the V-22 Osprey.

29.    Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29.  Bell denies the remaining allegations in Paragraph 29.

30.    Bell denies the allegations in Paragraph 30.

31.    Bell denies the allegations in Paragraph 31.

32.    Bell admits that V-22 gearboxes are equipped with chip detectors that are used to detect the presence of metal chips.

33.    Bell admits the allegations in Paragraph 33.

34.    Bell denies the allegations in Paragraph 34.

35.    Bell admits that, according to V-22 Osprey flight manuals, which are issued and controlled by the United States military, emergency landing criteria varies depending on the type of chip advisory detected by the aircraft and displayed in the cockpit.  Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35.

36.    Bell admits that, according to V-22 Osprey flight manuals, which are issued and controlled by the United States military, the crew should either land immediately or land as soon as possible, depending on the circumstances, in response to a PRGB CHIPS alert.  Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36.

37.    Bell admits that Bell and Boeing provided risk assessments to the United States military in 2020 and 2022.  Bell denies the remaining allegations in Paragraph 37, including the Complaint's characterizations of those risk assessments.

38.    Bell denies the allegations in Paragraph 38.

39.     Bell admits that Bell and Boeing provided a risk assessment to the United States military in 2022.  Bell denies the remaining allegations in Paragraph 39, including the Complaint's characterizations of that risk assessment.

40.     Bell answers that Bell provided warnings to the United States Government about all hazards regarding design features of the V-22 Osprey aircraft known to them, but not known by the United States Government.  Bell denies the remaining allegations in Paragraph 40.

41.     Bell admits that, according to V-22 Osprey flight manuals, which are issued and controlled by the United States military, the crew should either land immediately or land as soon as possible, depending on the circumstances, in response to a PRGB CHIPS alert.  Bell denies the remaining allegations in Paragraph 41.

### *The Crash of GUNDAM 22*

42.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.     Bell admits that Lt. General Conley provided a Statement of Opinion in the United States Air Force Aircraft Accident Investigation Board Report.  Bell denies the remaining allegations in Paragraph 51, including the Complaint's characterizations of that Statement.

52.     Bell denies the allegations in Paragraph 52.

53.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

## CAUSES OF ACTION

## I.      *NEGLIGENCE AND GROSS NEGLIGENCE IN MANUFACTURING METAL ALLOY*

54.     Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

55.     Bell admits that Universal Stainless owed the legal duties imposed by law.  Bell otherwise denies the allegations in Paragraph 55.

56.     Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring this action pursuant to Texas Survival Statute for wrongful death against Universal Stainless as described in

Paragraph 56.  Bell denies the remaining allegations in Paragraph 56, including that Plaintiffs are entitled to any relief whatsoever from Bell.

57.    Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action as described in Paragraph 57.  Bell denies the remaining allegations in Paragraph 57, including that Plaintiffs are entitled to any relief whatsoever from Bell.


## II.    NEGLIGENCE AND GROSS NEGLIGENCE IN MANUFACTURING PINIONS

58.    Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

59.    Bell admits only that it owes the legal duties imposed by law and has contractual obligations to design and manufacture the V-22 Osprey aircraft in conformance with the reasonably precise, mandatory specifications approved by the United States.  Bell denies the remaining allegations in Paragraph 59.

60.    Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring an action under the Texas Survival Statute as described in Paragraph 60.  Bell denies the remaining allegations in Paragraph 60, including that Plaintiffs are entitled to any relief whatsoever from Bell.

61.    Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action as described in Paragraph 61.  Bell denies the remaining allegations in Paragraph 61, including that Plaintiffs are entitled to any relief whatsoever from Bell.

## III.    NEGLIGENCE AND GROSS NEGLIGENCE IN MANUFACTURING AND AVIONICS

62.    Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

63.    Bell admits only that it owes the legal duties imposed by law and has contractual obligations to design and manufacture the V-22 Osprey aircraft in conformance with the reasonably precise, mandatory specifications approved by the United States.  Bell denies the remaining allegations in Paragraph 63.

64.    Bell denies the allegations in Paragraph 64.

65.    Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring an action under the Texas Survival Statute as described in Paragraph 65.  Bell denies the remaining allegations in Paragraph 65, including that Plaintiffs are entitled to any relief whatsoever from Bell.

66.    Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action as described in Paragraph 66.  Bell denies the remaining allegations in Paragraph 66, including that Plaintiffs are entitled to any relief whatsoever from Bell.

## IV.    NEGLIGENCE AND GROSS NEGLIGENCE IN DESIGN OF GEARBOX

67.    Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

68.     Bell admits only that it owes the legal duties imposed by law and has contractual obligations to design and manufacture the V-22 Osprey aircraft in conformance with the reasonably precise, mandatory specifications approved by the United States.  Bell denies the remaining allegations in Paragraph 68.

69.     Bell denies the allegations in Paragraph 69.

70.     Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring an action under the Texas Survival Statute as described in Paragraph 70.  Bell denies the remaining allegations in Paragraph 70, including that Plaintiffs are entitled to any relief whatsoever from Bell.

71.     Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action as described in Paragraph 71.  Bell denies the remaining allegations in Paragraph 71, including that Plaintiffs are entitled to any relief whatsoever from Bell.


## V.     *NEGLIGENCE AND GROSS NEGLIGENCE IN DESIGN OF AVIONICS*

72.     Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

73.     Bell admits only that it owes the legal duties imposed by law and has contractual obligations to design and manufacture the V-22 Osprey aircraft in conformance with the reasonably precise, mandatory specifications approved by the United States.  Bell denies the remaining allegations in Paragraph 73.

74.     Bell denies the allegations in Paragraph 74.

75.     Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring an action under the Texas Survival Statute as described in Paragraph 75.  Bell denies the remaining allegations in Paragraph 75, including that Plaintiffs are entitled to any relief whatsoever from Bell.

76.     Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action as described in Paragraph 76.  Bell denies the remaining allegations in Paragraph 76, including that Plaintiffs are entitled to any relief whatsoever from Bell.

## VI.     MANUFACTURING DEFECT PRODUCT LIABILITY - UNITED STAINLESS

77.     Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

78.     Bell denies the allegations in Paragraph 78.

79.     Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring an action under the Texas Survival Statute for wrongful death as described in Paragraph 79 against Universal Stainless.

80.     Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action against Universal Stainless as described in Paragraph 80.

## VII.    MANUFACTURING DEFECT PRODUCT LIABILITY -- BELL and/or BOEING

81.    Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

82.    Bell denies the allegations in Paragraph 82.

83.    Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring an action under the Texas Survival Statute as described in Paragraph 83.  Bell denies the remaining allegations in Paragraph 83, including that Plaintiffs are entitled to any relief whatsoever from Bell.

84.    Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action as described in Paragraph 84.  Bell denies the remaining allegations in Paragraph 84, including that Plaintiffs are entitled to any relief whatsoever from Bell.


## VIII.  MANUFACTURING DEFECT PRODUCT LIABILITY -- BELL and/or BOEING

85.    Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

86.    Bell denies the allegations in Paragraph 86.

87.    Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring an action under the Texas Survival Statute as described in Paragraph 87.  Bell denies the remaining allegations in Paragraph 87, including that Plaintiffs are entitled to any relief whatsoever from Bell.

88.     Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action as described in Paragraph 88.  Bell denies the remaining allegations in Paragraph 88, including that Plaintiffs are entitled to any relief whatsoever from Bell.

## IX.     PRODUCT LIABILITY FAILURE TO WARN AGAINST BELL and BOEING

89.     Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

90.     Bell denies the allegations in Paragraph 90.

91.     Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring an action under the Texas Survival Statute as described in Paragraph 91.  Bell denies the remaining allegations in Paragraph 91, including that Plaintiffs are entitled to any relief whatsoever from Bell.

92.     Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action as described in Paragraph 92.  Bell denies the remaining allegations in Paragraph 92, including that Plaintiffs are entitled to any relief whatsoever from Bell.

## X.      PRODUCT LIABILITY DESIGN DEFECT AGAINST UNITED STAINLESS

93.     Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

94.     Bell denies the allegations in Paragraph 94.

95.    Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring an action under the Texas Survival Statute for wrongful death against Universal Stainless as described in Paragraph 95.

96.    Bell admits only that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action against Universal Stainless as described in Paragraph 96.

## XI.    *PRODUCT LIABILITY DESIGN DEFECT AGAINST BELL AND BOEING*

97.    Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

98.    Bell denies the allegations in Paragraph 98.

99.    Bell denies the allegations in Paragraph 99.

100.    Bell admits that Plaintiff Ivy Groshong-Galliher purports to bring an action under the Texas Survival Statute as described in Paragraph 100.  Bell denies the remaining allegations in Paragraph 100, including that Plaintiffs are entitled to any relief whatsoever from Bell.

101.    Bell admits that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action as described in Paragraph 101.  Bell denies the remaining allegations in Paragraph 101, including that Plaintiffs are entitled to any relief whatsoever from Bell.

## XII.    *RES IPSA LOQUITOR NEGLIGENCE AGAINST BELL AND BOEING*

102.    Bell incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

103.    Bell admits that a CV-22B Osprey aircraft owned and operated by the United States Air Force crashed into the sea off the coast of Japan in November 2023. Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and therefore denies them.

104.    Bell denies the allegations in Paragraph 104.

105.    Bell admits that Plaintiff Ivy Groshong-Galliher purports to bring an action under the Texas Survival Statute as described in Paragraph 105. Bell denies the remaining allegations in Paragraph 105, including that Plaintiffs are entitled to any relief whatsoever from Bell.

106.    Bell admits that Plaintiff Ivy Groshong-Galliher purports to bring a wrongful death action as described in Paragraph 106. Bell denies the remaining allegations in Paragraph 106, including that Plaintiffs are entitled to any relief whatsoever from Bell.

## JURY DEMAND

107.    Bell denies that Plaintiffs are entitled to a jury trial. The Death on the High Seas Act preempts and exclusively governs Plaintiffs' claims and requires a bench trial.

## AFFIRMATIVE AND OTHER DEFENSES

Bell alleges the following affirmative and other defenses to Plaintiffs' Complaint, which are stated in the alternative if and to the extent necessary.

1.    The Complaint, including all of the causes of action alleged, fails to state a claim against Bell on which relief can be granted.

2.    Plaintiffs may lack the capacity and/or standing to bring this action and/or are not entitled to recover in the capacity or capacities in which they sue.

3.    Plaintiffs' claims are preempted and exclusively governed by the Death on the High Seas Act (DOHSA), 46 U.S.C. § 30302, *et. seq.* Plaintiff's claims and damages, if any, are limited

to the specific remedies provided by DOHSA, which includes pecuniary damages only. In addition, any claim brought by any Plaintiff who is not the personal representative of the decedent is subject to dismissal as such claims are not permitted under DOHSA.

4.      Plaintiffs may have failed to join necessary and indispensable parties.

5.      The Complaint fails to state a claim for *res ipsa loquitor* because the Subject Aircraft was not under the management and control of Bell at the time of the incident.

6.      The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the Government Contractor Defense, as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and other applicable law.

7.      The Complaint, and each purported cause of action therein, may be barred, in whole or in part, because the Subject Aircraft and all of its components were designed and manufactured in conformity with specifications provided or approved by the United States Government. Furthermore, Bell states that the Subject Aircraft at the time it left the control of Bell complied with all applicable federal and state statutes and administrative regulations and standards for design, inspection, testing, warning, and manufacture.

8.      Plaintiffs are barred from recovery against Bell because any alleged act or failure to act by Bell was not a direct, substantial, proximate, or contributory cause of any alleged damages suffered or claimed by Plaintiffs.

9.      The accident and Plaintiffs' claimed damages, if any, were proximately caused by the acts or omissions of others, or other fault over whom Bell has or had no control or right of control, and/or said acts or omissions were a superseding and sole, direct, and proximate cause of the accident and Plaintiffs' alleged damages, if any. Plaintiffs' recovery, if any, should therefore be barred or diminished in accordance with applicable law.

- 17 -

10.     Pursuant to Texas Civil Practice & Remedies Code § 33.001, *et. seq.*, Plaintiffs' claims and damages are barred or should be reduced by the comparative or contributory negligence, fault, or responsibility of other persons or entities over whom Bell had no control or right of control and for whom Bell has no legal responsibility, including but not limited to the pilot of the Subject Aircraft.

11.     Plaintiffs' damages, if any, may have been directly and proximately caused by the misuse of the Subject Aircraft, including but not limited to by the pilot of the Subject Aircraft, which was not foreseeable to Bell.

12.     Plaintiffs' damages, if any, were the proximate result of an independent intervening cause.

13.     The Subject Aircraft was sold to a knowledgeable and sophisticated intermediary over whom Bell had no authority or control and who had actual and/or constructive knowledge of the alleged dangers and risks involved.

14.     The Subject Aircraft conformed to and was consistent with the state of the art at the time of its design, manufacture, and sale.  Bell states that the Subject Aircraft was reasonably safe and therefore not defective.

15.     The benefits of the design of the Subject Aircraft and each component thereof outweighed the inherent risks, if any.

16.     Plaintiffs' claims may be barred by the doctrine of federal preemption.

17.     An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs have received, or are entitled to receive, from any source.

18.     Plaintiffs' punitive damages claims are barred or limited by provisions of the Death on the High Seas Act, United States Constitution, state constitutions, or other applicable law.

19.     Bell asserts its rights to the "Compliance with Government Standards" presumption afforded by § 82.008 of the Texas Civil Practice & Remedies Code.

20.     Bell asserts the limitations on exemplary and/or punitive damages established by Chapter 41 of the Texas Civil Practice and Remedies Code (and any other applicable provision of the Texas Civil Practice and Remedies Code or of Texas law or Federal law), including but not limited to its burden of proof and verdict unanimity requirements, non-economic damages, and punitive and/or exemplary damages set out therein.  Further, Bell asserts that any award of exemplary and/or punitive damages against it in this case would be unconstitutional and would violate Bell's right to due process as guaranteed by the Due Process Clauses of the 5th and 14th Amendments to the United States Constitution and Article I, Sec. 19 of the Texas Constitution and would violate the Equal Protection Clauses of both the United States Constitution and the Texas Constitution, because, inter alia, under Texas law there are not adequate safeguards in place to protect Bell against an arbitrary or unreasonable award of such damages.

## **PRAYER**

WHEREFORE, Bell prays that Plaintiffs take nothing by the Complaint, that the Complaint be dismissed, and that judgment on the Complaint be entered for Bell; that Bell be awarded its costs of suit and that the Court grant such further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: January 31, 2025                    By: /s/ *Lars L. Berg*

Lars L. Berg
State Bar No. 00787072
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:      (817) 332-2500
Fax:              (817) 878-9280
lars.berg@kellyhart.com

William V. O'Connor
(*pro hac vice* pending)
**COOLEY LLP**
10265 Science Center Drive
San Diego, California 92121
Telephone:      +1 858-550-6000
Facsimile:      +1 858-550-6420
woconnor@cooley.com

*Attorneys for Defendant BELL TEXTRON INC.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system on the 31st day of January, 2025.

/s/ *Lars L. Berg*
Lars L. Berg